IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

AARON DeROO,                                                                    OPINION and ORDER

                    Petitioner,

                                                                                                     08-cv-237-bbc

          v.

CAROL HOLINKA, Warden FCI Oxford,

                    Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Aaron DeRoo is a prisoner at the Federal Correctional Institution in Oxford, Wisconsin. Petitioner contends that prison officials at the Federal Correctional Institution in Terre Haute, Indiana, violated his constitutional right to due process and his rights under 28 C.F.R. § 541.17 when they failed to provide him an adequate opportunity to be heard at a disciplinary hearing. In this habeas corpus action brought pursuant to 28 U.S.C. § 2241, petitioner is asking for reinstatement of the 14 days of good conduct credits he lost at a disciplinary hearing held on January 31, 2007. In addition, petitioner asks that this court order the related incident report expunged from his record.

      In an order dated June 9, 2008, I screened the verified petition. I determined from the facts petitioner had asserted that petitioner had been held in segregation between

1

October 31, 2006 and February 1, 2007 for his alleged involvement in a group assault on October 4, 2006, and that at a disciplinary hearing held on January 31, 2007, petitioner was informed of his guilt and the sanctions he would receive, but was not given an opportunity to present evidence in his defense.  On the basis of these factual averments, I ordered respondent to show cause why the petition should not be granted.  The government has responded as directed and petitioner has filed a traverse.

From the developed record, I conclude that the undisputed facts show that petitioner was given an opportunity to be heard and present evidence at a disciplinary hearing on November 1, 2006 and was given an opportunity to have staff representation and witnesses in his favor present at a second disciplinary hearing on January 31, 2007, but chose not to makes statements, present evidence, offer witnesses or elect representation.  Because the evidence shows that petitioner had the chance to offer a defense before he lost his good time credits, petitioner's constitutional right to due process and his rights under 28 C.F.R. § 514.17 were not violated.  On the basis that neither petitioner's due process rights nor his rights under 28 C.F.R. § 514 were violated, this petition will be denied.  From the petition, response and traverse, I find the following facts to be material and undisputed.

## UNDISPUTED FACTS

Petitioner Aaron DeRoo is presently incarcerated at the Federal Correctional

2

Institution in Oxford, Wisconsin. Respondent Carol Holinka is Warden of the Oxford Federal Correctional Institution.

On October 31, 2006, while he was incarcerated at the Terre Haute Correctional Institution, petitioner received an incident report regarding his alleged involvement in a group assault on another prisoner that occurred on October 4, 2006. On November 1, 2006, petitioner was called before the Unit Disciplinary Committee for an investigatory hearing regarding the alleged assault. At this hearing, petitioner was given an opportunity to make statements and present documentary evidence pursuant to 28 C.F.R. § 541.15(d). Petitioner neither made a statement nor presented evidence. Upon conclusion of the hearing, the committee concluded that sufficient evidence existed to support the charge and referred the matter to a Disciplinary Hearing Officer pursuant to 28 C.F.R. § 541.15(h). Petitioner was informed of the second disciplinary hearing and given notice of his right to request staff representation and to call witnesses on his behalf. On November 1, 2006, petitioner signed official documents refusing both representation and his right to call witnesses.

On January 31, 2007, Disciplinary Hearing Officer Steven Lacy presided over petitioner's disciplinary hearing. His findings were as follows:

> Based upon the evidence annotated above (staff member written report) the DHO concludes there was sufficient information present in the body of the report to support the charge. Although you declined to make any statements

3

> before the Investigating Lieutenant and members of your UDC, the DHO found based on the greater weight of the evidence which the DHO found credible, he found you did commit the prohibited act of Code 224, (Assaulting without serious injury).

As a result of these findings, petitioner was sanctioned with the loss of 14 days' good time credit, 15 days' disciplinary segregation, and the loss of 45 days' telephone and commissary privileges.

The parties dispute whether petitioner was physically present at the second hearing before the DHO on January 31, 2007.

## DISCUSSION

Under 28 U.S.C. § 2241, a district court is authorized to grant relief to prisoners "in custody in violation of the Constitution or laws or treaties of the United States." Petitioner presents two claims seeking relief by writ of habeas corpus: a Fifth Amendment claim that his procedural due process rights were violated and a claim that his rights under 28 C.F.R. § 541.17 were violated.

To succeed on the Fifth Amendment claim, petitioner must show that the government failed to provide certain minimal procedural safeguards in connection with his prison disciplinary proceedings. In order to satisfy these requirements, the government must demonstrate that petitioner was given "'(1) advance written notice of the disciplinary

4

charges; (2) an opportunity . . . to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action.'" McPherson v. McBride, 188 F. 3d 784, 785-86 (7th Cir. 1999) (quoting Superintendent, Mass. Correctional Institution v. Hill, 472 U.S. 445, 454 (1985)).

In this case, the undisputed facts show that petitioner was given an opportunity to make a statement and present evidence on his own behalf at the Unit Disciplinary Committee hearing held on November 1, 2006, but that he chose to do neither. In addition, after the resolution of the Unit Disciplinary Committee hearing, petitioner was informed that he would be given a second hearing before a Disciplinary Hearing Officer and that he could have staff representation and witnesses testify in his favor at that hearing. Again, petitioner elected not to call witnesses. Although petitioner offers sound arguments in his unverified traverse for his decision not to call witnesses, his strategic decision was his own doing and not an act of prison officials that might violate his due process rights.

Even if petitioner was not present before the Disciplinary Hearing Officer on January 31, 2007, (as he alleges and respondent denies), he was given all the necessary procedural safeguards in connection with his disciplinary proceedings. He was given notice of the charges against him prior to the hearings before the Unit Disciplinary Committee and the Disciplinary Hearing Officer. In addition, he received an opportunity to present

5

documentary evidence during the Unit Disciplinary Committee hearing and an opportunity to call witnesses after being informed of his second hearing before the Disciplinary Hearing Officer.  Finally, he was given a written statement of the evidence relied on and the reasons for the disciplinary action by the Disciplinary Hearing Officer in his report on January 31, 2007.  Thus, I conclude that petitioner received all the process he was due in the course of his prison disciplinary proceedings.  No relief under § 2241 is warranted on this claim.

Petitioner's second claim is that his rights under 28 C.F.R. § 541 were violated.  28 U.S.C. § 2241 allows district courts to grant relief when a prisoner is held in custody in violation of laws of the United States.  In Waletzki v. Keohane 13 F.3d 1079 (7th Cir. 1994), the court of appeals held that § 2241 would be a proper vehicle for a prisoner to challenge an "arbitrary lengthening of a person's period of imprisonment" in violation of federal statutes except for "harmless, technical violations".  Id. at 1081.  As of yet no decision has extended Waletzki to federal regulations, but there appears to be no reason not to do so.  Like federal statutes, regulations have the full force of law when they are promulgated under authority properly delegated by Congress.  United States v. Mead Corp., 533 U.S. 218, 231-32 (2001).  Thus, for the purposes of this opinion, I will assume that the enumerated procedures for prison disciplinary proceedings under § 541 give prisoners rights to which prison officials must adhere.  But not all failures to adhere to the requirements of § 541 will violate a prisoner's rights, only those that are not harmless or technical.

Section 541.17 details the rights to which a prisoner is entitled in prison disciplinary proceedings including the "the right to be present throughout the DHO hearing," the right to "advance written notice of the charge(s) against the inmate," the right to have "a full time staff member to represent the inmate at the hearing before the Disciplinary Hearing Officer," and "the right to submit names of requested witnesses and have them called to testify and to present documents in the inmate's behalf." In addition, the right to present evidence and offer statements in one's defense granted under § 541.17 at the Disciplinary Hearing Officer hearing is similar to the rights given a prisoner under § 541.15 at the Unit Disciplinary Committee hearing. Thus, a prisoner has more than one opportunity to present evidence and statements in his defense for alleged violations of prison rules. Standing alone, the failure to bring a prisoner before the Disciplinary Hearing Officer would not violate the prisoner's rights under § 541.17.

In this case, the government has substantially complied with the requirements of § 541.17. Petitioner was given notice of a hearing before the Disciplinary Hearing Officer. In addition, he was given the opportunity to request staff representation and witnesses, but he declined to accept them. In his unverified traverse, petitioner alleges that his decision to decline representation and offer witnesses on his behalf was strategic. This was his own choice and not a denial of his rights by prison officials.

Although the parties dispute whether petitioner was actually present before the

7

Disciplinary Hearing Officer on January 31, 2007, even if I assume petitioner was not present, his absence would constitute a "harmless, technical violation." Prior to the hearing before the Disciplinary Hearing Officer, the petitioner had an opportunity to offer statements and evidence in his defense before the Unit Disciplinary Committee. At this hearing, he offered no evidence or statements with regards to the charges against him. Petitioner does not explain why he chose not to contest the allegations at the first hearing when he did not know he would receive a second hearing. On the basis of his silence at his first hearing and his choice not to be represented or call witnesses, petitioner demonstrated no reason to believe that he would have mounted a challenge to the charges in the second hearing. Although petitioner alleges that he had planned to contest the charges, he submitted no evidence of his intent or of his plan to call witnesses before the Disciplinary Hearing Officer rendered his decision. Assuming, as the evidence suggests, that petitioner would have offered no defense, his actual presence at the second hearing would have had no effect on the Disciplinary Hearing Officer's ultimate conclusion.

Because petitioner has failed to show that the violation of his rights under 28 C.F.R. § 541.17 resulted in any prejudice to him in light of his earlier opportunity to be heard, I conclude that petitioner is not entitled to the relief he seeks in this petition for a writ of habeas corpus.

ORDER

IT IS ORDERED that

1. Aaron DeRoo's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DISMISSED for petitioner's failure to show that he is in custody in violation of the Constitution or laws of the United States.

2. The clerk of court is directed enter judgment for respondent and close this case.

Entered this 22nd day of August, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

9