IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

AARON DeROO,

                                                                           ORDER

Petitioner,

                                                                     08-cv-237-bbc

     v.

CAROL HOLINKA, Warden FCI Oxford,

           Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

     In this habeas corpus action brought pursuant to 28 U.S.C. § 2241, petitioner Aaron DeRoo claims that he was deprived of due process when he was denied the opportunity to be heard on Incident Report #1529591 at a disciplinary hearing held on January 31, 2007. On August 22, 2008, I denied the petition because I concluded that, even if petitioner was not present at a Disciplinary Hearing Officer hearing on January 31, 2007, petitioner received a hearing before the Unit Disciplinary Committee on November 1, 2006 on the same incident report and therefore received a meaningful opportunity to be heard.

     On September 3, 2008, petitioner filed a Rule 59 motion asking me to reconsider the dismissal. He argued that his status as a felon convicted under the Violent Crimes Control and Law Enforcement Act of 1994 did not allow him to be found guilty of a major offense

1

at a Unit Disciplinary Committee hearing but required instead a finding of guilt only by a Disciplinary Hearing Officer at a hearing held before that officer. Because petitioner raised sufficient doubt whether he had a meaningful opportunity be heard at the November 1, 2006 hearing before the Unit Disciplinary Committee, I granted petitioner's motion, vacated the judgment on August 22, 2008, and ordered respondent to brief the question.

Now before the court is respondent's answer in which respondent concedes that petitioner did not receive a meaningful opportunity to be heard at the November 1, 2006 hearing. Respondent goes on to argue that it does not matter whether petitioner was provided due process at his November 1, 2006 hearing, because he received all the process he was due at his January 31, 2007 hearing before a Disciplinary Hearing Officer. However, the question whether petitioner was present at the January 31 hearing is hotly disputed. Petitioner says he was not. Respondent says he was. Although respondent argues that "administrative adjudicators are entitled to a presumption of honesty and integrity," I conclude that the matter is one of credibility that cannot be resolved without a hearing. Therefore, I will order the clerk of court to schedule an evidentiary hearing in this case.

ORDER

IT IS ORDERED that the clerk of court is directed to set this case for an evidentiary hearing on the question whether petitioner was present at the January 31, 2007 hearing

before the Disciplinary Hearing Officer.  Because petitioner's presence is necessary for a fair resolution of the issue, the clerk is required to issue a writ of habeas corpus ad testificandum for petitioner's attendance at the hearing.

     Entered this 29th day of October, 2008.

                      BY THE COURT:

                       /s/

                      _____
                      BARBARA B. CRABB
                      District Judge