IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

AARON DeROO,

                                                                                  ORDER

                      Petitioner,

                                                                                  08-cv-237-bbc

    v.

CAROL HOLINKA, Warden FCI Oxford,

                    Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

        An evidentiary hearing is scheduled to be held in this case on Friday, November 21, 2008, on the question whether petitioner Aaron DeRoo was afforded procedural due process protections at a disciplinary hearing held on January 31, 2007. Petitioner says he was not at the hearing. Respondent says he was. Because the matter to be decided rests squarely on the parties' credibility, I found in an order dated October 29, 2008, that petitioner's presence at the hearing was necessary for a fair resolution of the issue and I directed the clerk to issue a writ of habeas corpus ad testificandum for petitioner's attendance at the hearing. Shortly thereafter, Michael Lieberman, a lawyer with the Federal Defender Services of Wisconsin, asked the court to appoint counsel to represent petitioner at the hearing pursuant to Rule 8(c) of the Rules Governing both Section 2254 and Section 2255 Cases.

1

(Rule 1(b) of these same rules allows district judges to apply these rules to habeas corpus proceedings like this one, brought under 28 U.S.C. § 2241.)  In a text order entered electronically on November 13, 2008, I granted that request.  In drafting the text order, however, I omitted making an express finding that petitioner is financially eligible for appointed counsel, as I am required to do, and I failed to state expressly that Michael Lieberman is now petitioner's lawyer.

This court's records show that on May 19, 2008, petitioner filed a trust fund account statement in this case covering a two-month period.  From the statement, it appears that petitioner received two payments from his prison job, one in the amount of $36 and one in the amount of $58.  In addition, on two occasions, he received cash deposits from someone outside the prison in the amount of $200 and $175, respectively.  At no time during this period did petitioner maintain a balance greater than $292 in his inmate account.  I conclude from this information that petitioner qualifies for indigent status under 28 U.S.C. § 3006A  for the purpose of having appointed counsel.

The finding that petitioner qualifies for indigent status under § 3006A resolves another matter.  Recently, the United States Marshal asked for confirmation that petitioner is indigent so that it may honor the writ of habeas corpus ad testificandum issued by this court, without first requiring petitioner to prepay to the Marshal the costs of transporting him to court.  This order serves as such confirmation.  I note, however, that even if I had not

found petitioner to be indigent, it is questionable whether the Marshal would have authority to condition execution of the writ on petitioner's prepayment of the costs of transporting him to court.

Section 2241(c)(5) of the Judicial Code authorizes district courts to issue writs of habeas corpus commanding that a prisoner be delivered to the court "to testify or for trial." The section codifies the common law authority of federal courts to issue writs of habeas corpus ad testificandum. United States v. Larkin, 978 F.2d 964, 968 (7th Cir. 1992). Federal courts have an independent interest in bringing prisoners to court to testify in cases before those courts, Barnes v. Black, 544 F.3d 807, 810 (7th Cir. 2008), and the United States Marshal has no authority to disregard a direct order of a federal district court. Ford v. Carballo, 577 F.2d 404, 407 (7th Cir. 1978). The fact that a controversy might exist as to who should suffer the expense of producing the prisoner has no effect upon the writ. Id.

ORDER

IT IS ORDERED that the text order entered in this case on November 13, 2008 is AMENDED to state expressly that upon a finding that petitioner is financially eligible for appointed counsel under 28 U.S.C. § 3006A, Michael Lieberman is APPOINTED to

3

represent petitioner at the evidentiary hearing to be held in this case on November 21, 2008.

Entered this 18th day of November, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge